[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14931
_____

D.C. Docket No. 1:09-cv-20472-WMH


INSPIRATION YACHT CHARTERS, INC.,
a Foreign Corporation,

Plaintiff –Appellee,


versus

INSPIRATION YACHT CHARTERS II, INC.,
a Foreign corporation,

Defendant – Appellant,

ALLIED MARINE, LLC,
a Florida corporation,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(August 29, 2012)

Before BARKETT and PRYOR, Circuit Judges, and LAWSON,[*] District Judge.

PER CURIAM:

This case arises out of a contract for the sale of a yacht.  Inspiration Yacht Charters I, Inc. ("Seller"), agreed to sell the yacht to KK Aggregates, Inc., for $7 million, with a $690,000 security deposit to be held in escrow by KK's broker, Allied Marine, LLC.  KK Aggregates assigned its interest in the agreement to Inspiration Yacht Charters II, Inc. ("Buyer"), a corporation established by KK to hold the title to the yacht.

Closing documents were executed by both parties on the day of closing, February 12, 2009, in the Bahamas, where the ship was delivered to effectuate the transfer.  However, the Buyer refused to release the $7 million purchase fee from escrow and requested additional closing documents, including a bill of sale notarized in Holland.  Over the next seven days, the attorneys for both parties worked in Holland and in Florida to provide the documentation requested, and the owner of the yacht signed another bill of sale in Holland with the requested notarization on February 19, 2009.  However, on February 18, 2009, the Buyer's counsel in Florida advised the Seller that the sale was terminated and demanded

---

[*] Honorable Hugh Lawson, United States District Judge for the Middle District of  Georgia, sitting by designation.

return of the full $7 million held in escrow arguing that because all the required documents had not been provided on the day of closing, the Seller had breached the contract.

We find no reversible error in the district court's judgment, after a bench trial, that it was the Buyer who had breached, and the Seller was entitled to retain half of the $690,000 security deposit pursuant to the contract.[1] The Buyer concedes that the agreement does not expressly provide that "time is of the essence" to performance,[2] but argues that a timeliness requirement can be inferred from the fact that the parties agreed to delay the closing date in two addenda to the contract, and from the fact that a provision of the contract designated a particular date for the closing. However, as the district court found, the fact that the parties twice agreed to delay the closing date indicates that time was not an essential part of the agreement, and the mere fact that an agreement specifies a particular date for closing does not by itself establish that failure to provide the documents at issue on that date constitutes breach. See Westcap Gov't Sec. Inc. v. Homestead Air Force

---

[1] Pursuant to the contract, the remaining one-half of the security deposit was ordered to be divided equally between the brokers involved in the transaction, Allied Marine, LLC, and International Yacht Charters, Inc., a non-party.

[2] Under Florida law, a party's failure to perform an aspect of its contractual obligations on or before a certain date may constitute breach when "(1) the agreement explicitly so specifies; or (2) such may be determined from the subject matter of the contract; or (3) treating time as non-essential would produce a hardship; or (4) notice has been given to the defaulting party requesting performance within a reasonable time." Centurion Air Cargo, Inc. v. UPS Co., 420 F.3d 1146, 1151 (11th Cir. 2005).

Base Fed. Credit Union, 697 F.2d 911, 914 (11th Cir. 1983) (holding that, under Florida law, seller's delivery eight days after contractually designated performance date did not constitute breach absent any showing of damages due to the delay).

Moreover, the district court alternatively held that the Buyer waived any time is of the essence requirement. Because the same facts were relevant to the district court's alternative holding as were relevant to whether time was of the essence, we find no error in the district court's alternative holding.[3]

The order of the district court is **AFFIRMED**. Inspiration I's motion for sanctions pursuant to Rule 38 is **DENIED**.[4]

---

[3] We reject as meritless the Buyer's argument that it should be permitted to recover the security deposit because it was entitled to rescind the contract.

[4] We decline to grant Inspiration I's motion for sanctions in this case. Cf. Davis v. Carl, 906 F.2d 533, 538 (11th Cir. 1990) ("[C]reative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment.").